**Juan CANDELARIA, Plaintiff,**

v.

**Thomas A. COUGHLIN, III, et al., Defendants.**

**No. 93 CIV. 3212 (RWS).**

United States District Court, S.D. New York.

Aug. 19, 1998.

Juan Candelaria, Elmira, NY, pro se.

Dennis C. Vacco, Attorney General of the State of New York, New York City (Alan B. Berkowitz, Assistant Attorney General, of counsel), for Defendants.

## OPINION

SWEET, District Judge.

Plaintiff *pro se* Juan Candelaria ("Candelaria") has moved for a new trial on the issue of damages, pursuant to Rules 50(b), 59(a), and 60 of the Federal Rules of Civil Procedure, and to tax costs of $3,000, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. For the reasons set forth below, Candelaria's motion for a new trial on the issue of damages pursuant to Rule 59(a) is denied, and his motion to tax costs of $1,920.13 is granted.

### The Parties

Candelaria is a paraplegic inmate under the care and custody of the New York State Department of Correctional Services ("DOCS").

Corrections Officer Joseph Pellicane ("Pellicane"), now deceased, was a corrections officer at Green Haven. Pellicane's estate is a defendant in this action.

### Facts and Prior Proceedings

The facts and prior proceedings in this action are set forth in the earlier opinions of this Court, familiarity with which is assumed. *See Candelaria v. Coughlin,* No. 93 Civ. 3212, 1994 WL 119146 (S.D.N.Y. April 4, 1994); *Candelaria v. Coughlin,* 155 F.R.D. 486 (S.D.N.Y.1994); *Candelaria v. Coughlin,* 1994 WL 707004 (S.D.N.Y. Dec. 19, 1994). The facts and proceedings relevant to this motion are set forth below.

Candelaria commenced this action on May 13, 1993. After almost five years of pretrial motions, including three amended complaints, the trial in this matter began on March 18, 1998. At the trial, Candelaria contended that Pellicane violated sections 1983 and 1985 of title 42 of the United States Code, and requested compensatory and punitive damages.

On March 23, 1998, the trial concluded and the jury reached a verdict, finding Pellicane liable for conspiring to violate Candelaria's civil rights.

The following facts were not disputed at the trial:

1. On August 7, 1991, Candelaria filed a grievance complaint against Pellicane for his failure to unlock his cell at meal time.

2. On September 24, 1991, Pellicane and Corrections Officer John Warner were the correctional officers who were on duty in the Unit for Physically Disabled in J–Block at Green Haven.

3. On September 24, 1991, Candelaria and inmate Easton Beckford ("Beckford") fought while in the exercise yard.

4. As a result of the fight, Candelaria suffered a four centimeter long laceration.

Candelaria testified that Beckford was on keep-lock status at the time of the attack for previously assaulting a corrections officer, and that when Candelaria refused to accede to Beckford's demand that Candelaria bring him his breakfast, Beckford threatened him with serious bodily harm. Candelaria contends that he reported this threat to Pellicane and Ward. Thereafter, Candelaria contended, Pellicane unlocked Beckford's cell and Beckford attacked him in the yard with a home-made knife mounted on a crutch, causing a four inch laceration to his head.

The jury found that Pellicane had conspired to violate the Eighth Amendment prohibition against cruel and unusual punishment, and awarded one dollar in compensatory damages, one dollar for nominal damages, and one dollar for punitive damages.

Candelaria's motion for a new trial on the issue of damages is dated March 27, 1998, and his motion to tax costs is dated April 14, 1998. On April 24, 1998, Candelaria sent a letter to the court "to update the court as to certain matters" regarding the Rule 59(b) motion, asserting for the first time that the Court erred in the jury instructions regarding qualified immunity, deliberate indifference, and nominal damages. The April 24, 1998, letter also contends for the first time that the Court overlooked his Rule 50 motion at the close of all the evidence. Pellicane filed its memorandum opposing Candelaria's motions on June 4, 1998. Further submis-

sions were received from Candelaria, and the motions were deemed fully submitted on June 17, 1998.

### Discussion

#### I. *Motion For A New Trial On Damages Issue*

 Rule 59(a) of the Federal Rules of Civil Procedure empowers a district court to set aside a jury verdict and order a new trial "for any reason of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." [1] Fed.R.Civ.P. 59(a)(1). A new trial may be granted pursuant to Rule 59 when " 'the jury has reached a seriously erroneous result or ... the verdict is a miscarriage of justice' " and judgment as a matter of law would not be appropriate. *Song v. Ives Laboratories, Inc.,* 957 F.2d 1041, 1047 (2d Cir.1992) (quoting *Smith v. Lightning Bolt Productions,* 861 F.2d 363 (2d Cir.1988)). The Second Circuit has set forth the criteria to be employed by the district court in deciding a Rule 59 motion as follows:

> The trial judge, exercising a mature judicial discretion, should view the verdict in the overall setting of the trial; consider the character of the evidence and the complexity or simplicity of the legal principles which the jury was bound to apply to the facts; and abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result. The judge's duty is essentially to see that there is no miscarriage of justice. If convinced that there has been then it is his duty to set the verdict aside; otherwise not.

*Bevevino v. Saydjari,* 574 F.2d 676, 684 (2d Cir.1978) (citations omitted).

 Candelaria contends that the damage award of one dollar in compensatory damages, one dollar for nominal damages, and one dollar for punitive damages is inconsistent with the finding of liability. The stab wound inflicted by Beckford on September 24, 1991, caused a four centimeter laceration and required five sutures, and therefore, according to Candelaria, the compensatory damages are inadequate. Moreover, Candelaria contends that the one dollar punitive damage award is insufficient to punish Pellicane and to deter others from engaging in similar conduct in the future.

Although the logic behind the jury's decision in this case is not transparent, the jury found liability on the conspiracy claim, but also found Pellicane not liable for having carried though on the conspiracy to violate Candelaria's Eighth Amendment rights. Accepting this conclusion, although Pellicane and Ward had a mutual understanding to violate Candelaria's rights, Pellicane was not directly responsible for Beckford's attack. On this basis, the jury's conclusion that Pellicane is not liable for more than one dollar in compensatory damages for Beckford's attack cannot be deemed a miscarriage of justice.

Candelaria cites *Blissett v. Coughlin,* 66 F.3d 531 (2d Cir.1995), for the proposition that damage awards in similar cases should be considered in assessing the propriety of the amount of damages awarded by a jury. *Id.* at 536. Candelaria, however, cites no similar case where the plaintiff was awarded compensatory damages under circumstances similar to this case—where a defendant was found not liable for violating plaintiff's constitutional rights, but is found liable for conspiracy to violate those rights. In *Blissett,* for example, the defendant prison guards were found liable for the use of unnecessary force and deliberate indifference to serious medical needs. There was no allegation of conspiracy. *Id.* at 534. *See also Ismail v. Cohen,* 899 F.2d 183 (2d Cir.1990) (finding compensatory and punitive damage awards not excessive where police officer attacked plaintiff during traffic ticketing incident, arrested him, and was liable for, among other things, a § 1983 violation and malicious prosecution); *Westcott v. Crinklaw,* 133 F.3d 658, 663 (8th

---

**1.** Candelaria's notice of motion requests relief pursuant to Rules 50(b) and 60. Candelaria's contentions, however, are not that he was entitled to a directed verdict at the close of the evidence, however, but rather that the jury verdict was a miscarriage of justice. Accordingly, only the Rule 59(b) motion will be considered here. Furthermore, Candelaria's contentions regarding trial errors first raised in his April 24, 1998, letter will not be considered because they are untimely asserted.

Cir.1998) (jury finding liability for excessive force where police officer shot and killed plaintiff's husband during attempted burglary, in violation of § 1983, cannot be reconciled with award of one dollar in damages).

■ Candelaria also seeks a new trial on the punitive damage issue. He contends that the jury's award of one dollar would not punish Pellicane for his conspiratorial conduct nor would it deter others from engaging in similar conduct in the future. Candelaria cites *O'Neill v. Krzeminski*, 839 F.2d 9 (2d Cir.1988). In *O'Neill*, the plaintiff was struck and injured by police officers while he was standing handcuffed in the police station. The plaintiff suffered, among other things, a fractured nose and lacerations to his forehead and eyebrow. The court held that, under these circumstances, the punitive damages award of $185,000 against two police officers involved was not excessive because they did not "shock the judicial conscience and constitute a denial of justice," *id.* at 13 (quoting *Zarcone v. Perry*, 572 F.2d 52, 56 (2d Cir.1978)), and were in line with other jury awards in cases with similar facts. *Id.* at 13–14.

In this case, unlike in *O'Neill*, Pellicane was not found liable for attacking Candelaria, nor for violating his constitutional rights, but rather for conspiring to violate Candelaria's rights. Moreover, Pellicane is deceased, and so punitive damages could only serve a general deterrence purpose. Given the specific facts in this case, and assuming that a similar standard of review applies to claims of deficient punitive damages as to excessive punitive damages, we cannot conclude that the punitive damages awarded by the jury "shock the conscience," and Candelaria cites no case to establish that they are out of line with other jury awards in sufficiently similar cases. Moreover, Candelaria does not cite to any evidence in the record that establishes the appropriate amount of punitive damages to deter future conspiratorial conduct by corrections officers. Accordingly, Candelaria's motion for a new trial on punitive damages is denied.

## II. *Costs of $1,920.13 Will Be Taxed To Defendants*

Candelaria moves, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, to tax costs of $3,000. Rule 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Section 1920 of Title 28 provides:

A judge or clerk of any court of the United States may tax as cost the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees ...; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Finally, Local Rule 54.1 further defines what costs are taxable, and lists ten categories.[2]

The individual expenses Candelaria asserts exceed his requested $3,000 figure, and are as follows: (1) $1,390.16 for postage; (2) $1,920.13 for photocopying; (3) $319.31 for typewriter ribbons; (4) $416 for typing services; (5) $400 for translation service; (6) $700 for professional services; (7) $99 for a typewriter; (8) $2,500 for fees of the clerk, marshal and court reporters; and (9) $500 for miscellaneous expenses.

Candelaria asserts in his affidavit in support of his request for costs that the DOCS lost the notes and receipts detailing his costs in this five-year litigation. Candelaria's residence changed several times during the pendency of this case, often as a result of his medical condition. Candelaria wrote several letters to the Court complaining of lost litigation files. Accordingly, he contends, his failure to provide detailed accounting for each of his costs is the DOCS' fault and should be excused. Candelaria does not, however, contend that Pellicane, the defendant in this action, is implicated in the lost files. Pelli-

2. Candelaria also cites 28 U.S.C. § 2412, which is not applicable here.

cane, on the other hand, has submitted no affidavit in support of their opposition to Candelaria's application.

 Under the circumstances, Candelaria's request to be reimbursed for typewriter ribbons and a new typewriter is denied because they are not sufficiently related to costs necessarily incurred to prosecute this action. His request for costs relating to a translation and professional services are also rejected because, although his records may have been lost, there is no explanation as to why a record could not be obtained by those individuals or organizations who provided the services. The request for fees of the clerk, marshal and court reporters is denied because Candelaria was granted *in forma pauperis* relief, and therefore no fees were charged, and Pellicane provided to Candelaria trial transcripts at no cost. Candelaria's request to be reimbursed for postage has no support in either Local Rule 54.1 or 28 U.S.C. § 1920, and is inappropriate here. Finally, Candelaria's request for miscellaneous expenses is also rejected because there is no detail upon which the Court can assess whether the expenses are appropriate.

Candelaria's application to be reimbursed for photocopying is granted. Local Rule 54.1 provides for cost for copies of papers, but prohibits costs for copies used for the convenience of counsel or the court. Candelaria vigorously pursued this litigation, and the record is thick with motions and responses which Candelaria was required to serve on the Court and the parties. Pellicane has not filed an affidavit to contradict Candelaria's calculation of the amount of postage, number of documents filed, or price per copy for photocopying. Accordingly, Candelaria's request for $1,920.13 in photocopying expenses is granted.

### Conclusion

For the reasons set forth above, Candelaria's motion for a new trial on the issue of damages pursuant to Rule 59(a) is denied, and his motion to tax costs of $1,920.13 is granted.

It is so ordered.